IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES T. HURD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil No. 6:23-cv-00941-CL

**OPINION AND ORDER**

---

**CLARKE**, Magistrate Judge.

    The Unopposed Motion to Dismiss, ECF No. 15, is GRANTED. This matter is dismissed.

    Article III of the Constitution gives federal courts subject matter jurisdiction over only live "cases and controversies," meaning that the parties must have a "legally cognizable interest in the outcome" of the case. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Where no qualified survivor remains to benefit from the outcome of a social security case, courts in this circuit have found dismissal appropriate. *See Parra v. Astrue*, 481 F.3d 742, 745, n.1 (9th Cir. 2007); *see also Mendoza v. Astrue*, 237 F. App'x 164, 165 (9th Cir. 2007).

    Social security benefits owed to a deceased claimant shall be payable to any "surviving spouse," if living together at death or within the six months preceding death, or, in the case of a disabled or blind child, to the parent, if living together at death or within the six months preceding death. 42 U.S.C. § 1383(b)(1)(A). "No benefits may be paid to the estate of any underpaid recipient…or to any survivor other than those listed in paragraph (b)(1) through (3) of this section." 20 C.F.R. § 416.542(b)(4).

Plaintiff here filed his claim for SSI income on July 8, 2020, when he was 38 years old alleging disability beginning on September 1, 2007. His claim was denied initially and upon reconsideration. An administrative law judge found him not disabled and the Appeals Council denied his review. Plaintiff initiated the instant appeal with this Court on June 28, 2023. ECF No. 1. He died on December 24, 2023. Plaintiff was neither married nor a child. Plaintiff's counsel has since informed Defendant's counsel that she was unable to contact any of Plaintiff's family members, nor identify a substitute party within the meaning of the Social Security Act and regulations. Plaintiff's counsel therefore does not oppose Defendant's Motion to Dismiss. The Court likewise finds dismissal proper.

For the above reasons, this matter is dismissed.

IT IS SO ORDERED and DATED this 25 day of March, 2024.

MARK D. CLARKE
United States Magistrate Judge